## Russell Industries, Inc. v. Ram Construction Co., Inc.

*John F. Perry,* for plaintiff.

*Martin A. Keyser,* for defendant American States Insurance Company.

SMITH, R. H. JR., *J.,* July 3, 1984—In this assumpsit action brought by plaintiff, a subcontractor, against defendant Ram Construction Company, the general contractor, and American States Insurance Company, the general contractor's surety, plaintiff's

motion for summary judgement presents for our consideration the following issue:

"Does the statute of limitations begin to run from the time that the plaintiff last performed work on the project or from the time that the plaintiff was entitled to payment and payment was not made?"

We conclude that the statute of limitations begins to run from the time plaintiff was entitled to payment from the general contractor and payment was not received. In keeping with this conclusion we grant plaintiff's motion for summary judgment and direct judgment be entered accordingly.

Both plaintiff and defendant surety company agree that the applicable statute of limitation is one year in accordance with the Judicial Code, 42 Pa. C.S. §5501, et seq. Where these parties disagree is when the one year begins to run.

If the statute limiting the action begins to run from the date on which work was last performed then, admittedly, judgment should be for defendant surety. If the statute begins to run from the time when the general contractor was obligated to make payment to plaintiff and failed to do so, the statute has not run and, based upon the record before us, plaintiff would be entitled to judgment.

The Judicial Code provides:

"The following actions and proceedings must be commenced within one year:

. . .

(4) An action upon payment or performance bond."

(Act of 1976—142, 42 Pa. C.S. §5523); and,

"The time within which a matter must be commenced under this chapter shall be computed, . . .

from the time the cause of action accrued, . . ." (Act of 1976—142, 42 Pa. C.S. §5502(a)).

The controlling language of the cited statute is "from the time that the cause of action accrued". Here, plaintiff's agreement with the general contractor stipulated that it was not to receive payment until such time as the work was approved by the county and the general contractor was paid. This was not until some time after completion of the work, but well within the statutory period. Plaintiff's cause of action could not accrue until it was due payment and payment was refused.

## ORDER OF COURT

And now, this July 3, 1984, in accordance with the foregoing opinion, it is hereby ordered, adjudged and decreed that the motion of plaintiff, Russell Industries, Inc., for summary judgment is granted and the prothonotary of this county is ordered to enter judgment in favor of plaintiff and against defendant, American States Insurance Company, for the amount set forth in the complaint.